UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X
APPLIED ENERGETICS, INC.,  : No. 10 CIV 1669

    Petitioner,  :

  -against-  : Removed from:

NEWOAK CAPITAL MARKETS, LLC  : Supreme Court of the State of
      New York, New York County

    Respondent  :

     Index No. 600419/2010

     :
------------------------------------------------------X

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Respondent NewOak Capital Markets, LLC ("Removing Respondent"), by its undersigned attorneys, Fox Rothschild LLP, hereby removes the above-captioned civil action, and all claims and causes of action therein, from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York. Removing Respondent appears for the purpose of removal only and for no other purpose and reserves all rights, claims and defenses of any nature whatsoever, including but not limited to defenses related to service of process, jurisdiction, and venue, and states as follows:

    1.    On January 11, 2010, Removing Defendant filed a Statement of Claim with the Financial Industry Regulatory Authority ("FINRA") to initiate arbitration proceedings against Petitioner Applied Energetics, Inc. ("Applied"), pursuant to an explicit written agreement between the parties providing for such arbitration. (A Copy of

the Statement of Claim is attached as Exhibit C to the Petition for Stay of Arbitration, attached hereto as Exhibit A.)

2. In accordance with FINRA's rules of arbitration, FINRA served the Statement of Claim on Applied on January 27, 2010 and assigned the case FINRA Dispute Resolution Arbitration Number 10-00211. Applied received notice of the Statement of Claim on February 1, 2010. (Exhibit A ¶14)

3. On February 18, 2010, Applied filed a Petition in the Supreme Court of the State of New York, County of New York, to stay the FINRA arbitration, under Index No. 600419/2010. Pursuant to Rule 81.1(b) of the Local Civil Rules of the United States Courts for the Southern and Eastern Districts of New York and 28 U.S.C. §1446(a), true and correct copies of the Notice of Petition to Stay Arbitration and supporting papers (hereinafter "Petition"), which are the only pleadings thus far served upon the Removing Respondent, are attached hereto as Exhibit A.

4. Pursuant to Local Rule 81.1(a), and as admitted by Applied in its Petition, Applied is a Delaware Corporation with its headquarters and principal place of business in the State of Arizona. (Ex. A ¶2)

5. Pursuant to Local Rule 81.1(a), and as also admitted by Applied in its Petition, Removing Respondent NewOak Capital Markets LLC is a Delaware limited liability corporation with a principal place of business located in the State of New York. (Ex. A ¶3)

6. Federal courts in the Second Circuit, including the Southern District of New York, look to the citizenship of an LLC's individual members – not the LLC's state of incorporation – to determine whether diversity of citizenship exists. See, e.g.,

Handelsman v. Bedford Village Assocs., LP, 213 F.3d 48, 51-52 (2d Cir. 2000) ("for purposes of diversity jurisdiction, a limited liability company has the citizenship of its membership"); Catskill Litig. Trust v. Park Place Entm't Corp., 169 Fed. App'x 658, 659 (2d Cir. 2006) ("the citizenship of a limited liability corporation is determined by reference to the citizenship of its members"); Maxim Group LLC v. Life Ptnrs. Holdings, Inc., 2010 US. Dist. LEXIS 405, *1-2 (S.D.N.Y. Jan. 5, 2010) ("For the purposes of diversity jurisdiction, a limited liability company's ... citizenship is determined not by the LLC's place of incorporation or principal place of business, but by the citizenship of each member of the LLC"); Mack v. Harrah's Casino, 2010 WL 532867 (S.D.N.Y. Feb. 8, 2010) (same).

7. None of the members of Removing Respondent is a citizen of Delaware or of Arizona, and thus none of the members of Removing Respondent shares citizenship with Applied. Removing Respondent is owned by two Delaware LLCs, which are in turn owned by additional LLCs; however, the ultimate citizenship, as attributed to the citizenship of the various members of the LLCs, includes citizenship in the states of New York, Connecticut, and Maryland, but not in Delaware or Arizona.

8. Because the ownership structure of Removing Respondent is confidential and proprietary, and in order to protect the identify of various private investors who are far-removed from Removing Respondent, the following flowchart with abbreviations is offered to further explain the structure of Removing Respondent and demonstrate that it is not a citizen of Delaware or Arizona:

> Respondent NewOak Capital Markets LLC is wholly-owned by JGH and NOSH, each a Delaware LLC (thus Court again looks to citizenship of the owners)

3

JGH is a Delaware LLC wholly owned by a private Connecticut Corporation without a principal place of business in Delaware or Arizona – thus a citizen of Connecticut

NOSH is a Delaware LLC wholly owned by NOC

NOC is a Delaware LLC wholly-owned by NOCH, a Delaware limited partnership owned by various limited partnerships, whose individual members are not citizens of Delaware or Arizona, as well as NOCGP, a Delaware LLC that is owned by individuals who are not citizens of Delaware or Arizona.

9. The Statement of Claim, which is the basis for the Application to Stay Arbitration filed in State Court, alleges an amount in controversy of millions of dollars - clearly exceeding $75,000 (see Exhibit C to Exhibit A, ¶¶ 57, 68, 84, 90).

10. This Court therefore has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), because the action is between citizens of different States and, based on the allegations of the Statement of Claim and corresponding Application to Stay Arbitration, the amount in controversy far exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs.

11. Removing Respondent was not served with the Petition to Stay Arbitration until February 22, 2010, and this notice is therefore filed within 30 days of service and is timely under 28 U.S.C. § 1446(b).

12. Removing Respondent promptly will serve a copy of this Notice of Removal on counsel for Petitioner, and will file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of New York, pursuant to 28 U.S.C. § 1446(d).

13. Removing Respondent expressly reserves and does not waive its right to stay proceedings and compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 3 and 4, in accordance with the express written agreement between the parties. See,

e.g., Unis Group, Inc. v. Compagnie Financiere de Cic et de L'Union Europeene, 2001 U.S. Dist. LEXIS 5823 (S.D.N.Y. May 7, 2001) (petition to stay arbitration removed to federal court and arbitration then compelled); Merrison Textile Co., Inc. v. Marion Fabrics, Inc., 1995 U.S. Dist. LEXIS 5459 (S.D.N.Y. April 27, 1995) (order to show cause, pursuant to C.P.L.R. 7503(b), removed to federal court based on diversity jurisdiction and arbitration then compelled).

WHEREFORE, Removing Respondent removes this action in its entirety from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

Dated: New York, New York
March 1, 2010

FOX ROTHSCHILD LLP

By: _____
Joseph M. Pastore III
Leanne M. Shofi
Brian W. Song

100 Park Avenue, Suite 1500
New York, NY 10017
(212) 878-7900
(212) 692-0940 (fax)

One Landmark Square, 21st Floor
Stamford, CT 06901
(203) 425-9500
(203) 425-9595 (fax)
jpastore@foxrothschild.com

*Attorneys for Respondent NewOak Capital Markets LLC*

ST1 6051v1 02/26/10